DEVERIE J. CHRISTENSEN, ESQ.
Nevada State Bar No. 6596
I-CHE LAI, ESQ.
Nevada State Bar No. 12247
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Email: deverie.christensen@jacksonlewis.com
Email: i-che.lai@jacksonlewis.com

*Attorneys for Defendant*
*Stratosphere Gaming, LLC d/b/a*
*The Strat Hotel & Casino*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENET M. KOREBTAW, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STRATOSPHERE GAMING, LLC d/b/a THE STRAT HOTEL & CASINO; DOES 1-10 AND ROES I-X,<br><br>Defendant. | Case No.: 2:25-cv-01378-JAD-MDC<br><br>**JOINT PROPOSED DISCOVERY PLAN AND SCHDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Genet Korebtaw ("Plaintiff"), by and through her counsel of record, the Guiness Law Firm, and Defendant Stratosphere Gaming, LLC, dba The Strat Hotel & Casino ("Defendant"), by and through its counsel of record, the law firm of Jackson Lewis, P.C., hereby stipulate to the following Joint Proposed Discovery Plan and Scheduling Order based on the following:

<u>**Stipulated Discovery Plan**</u>

<u>**Initial Disclosures:**</u> On July 30, 2025 Defendant filed Notice of Removal, taking this matter from the state court to the federal court. On August 6, 2025 Defendant filed an Answer.

On September 10, 2025 the parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f). On September 16, 2025 Plaintiff served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). On September 24, 2025. Defendant served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties do not believe that any changes are necessary as to the form or requirement of disclosures under Rule 26(a).

**Discovery Cut-Off Date(s):** The last day of discovery shall be **January 26, 2026**, which is 180 days from when Defendant first appeared in the case via a Notice of Removal filed on July 30, 2025.

**Amending the Pleadings and Adding Parties:** The parties shall have until **October 28, 2025**, which is ninety (90) days before the discovery cut-off date.

**Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline, by **November 27, 2025**.  The disclosures of any rebuttal experts shall be due thirty (30) days before the discovery deadline, by **December 29, 2025**. Fed. R. Civ. P 6(a)(2)(c)

**Dispositive Motions:** Dispositive motions may be filed no later than **February 25, 2026**, which is thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the subsequent discovery cut-off date.

**Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial order shall be filed by **March 27, 2026**, which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

**Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

**Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-43, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

**Scope of Discovery:** Unless otherwise limited by subsequent stipulations and/or orders of this Court, the parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

**Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4.  For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F),  each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to guinnesslaw@gmail.com ; for Defendants, service shall be made by email to i-che.lai@jacksonlewis.com, Rebecca.portelli@jacksonlewis.com, and Kelly.chandler@jacksonlewis.com and/or such others as the party may designate.

**Electronic Information:** The parties do not, at this time, anticipate any issues regarding disclosures, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image file (e.g., .pdf or .tiff), while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. The parties further agree that non-ESI documents will be produced in paper form or as a readable image file (e.g., .pdf or .tiff) to the extent practicable. The parties shall meet and confer and otherwise work in good faith with respect to the production of ESI should any dispute arise.

**Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including the Early Neutral Evaluation, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution.

**Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

**Discovery Phases:** The parties do not believe it is necessary to conduct discovery in phases.

Dated 1st day of October, 2025.                     Dated 1st day of October, 2025.

GUINNESS LAW FIRM                          JACKSON LEWIS P.C.


 _/s/Guinness Ohazuruike_                      _/s/ I-Che Lai_
GUINNESS OHAZURUIKE, ESQ.           DEVERIE J. CHRISTENSEN ESQ.
Nevada Bar No. 11231                          Nevada Bar No.: 6596
6845 W. Charleston, Suite A                  I-CHE LAI, ESQ.
Las Vegas, Nevada 89117                      Nevada Bar No.: 12247
*Attorney for Plaintiff*                          300 S. Fourth Street, Suite 900
                                                      Las Vegas, Nevada 89101
                                                      *Attorneys for Defendant*


**ORDER**

IT IS SO ORDERED:


_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

Dated: October 2, 2025

4